CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 20 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| GETRONICS USA, INC.,<br>Successor-in-Interest to<br>Getronics Wang Co., L.L.C.<br>Plaintiff<br>v.<br><br>BANK SERVICES OF VIRGINIA, INC.<br>Defendant | Lead Civil Action No. 4:06CV00049 |

| | |
|---|---|
| BANK SERVICES OF VIRGINIA, INC., *et als.*,<br><br>Plaintiffs,<br>v.<br><br>GETRONISWANG, CO. LLC,<br>d/b/a GETRONICS | Member Civil Action No. 4-06-cv-00054<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>United States District Judge |

This case is before the court on two related motions of Bank Services of Virginia, *et al* (BSV). The lead action is for breach of contract and was originally filed in this court by Getronics USA, Inc. ("Getronics"). BSV filed a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss, arguing that a purported forum-selection clause in the contract between the parties prevents this court's exercise of jurisdiction in this case. The member action is for breach of contract and fraud or misrepresentation and was filed in the Circuit Court of Henry County, Virginia by BSV. Getronics removed the action to this court. BSV now moves to remand the member action, again arguing that the same purported forum-selection clause forecloses this court's exercise of jurisdiction. A hearing was held on Thursday, November 16, 2006.

The underlying dispute in these two cases arose out of actions performed pursuant to a

contract entered September 1, 2004. The contact, called the Networkplace Master Agreement ("the Agreement"), provided that Getronics would supply, install, and provide support for a computer network for the BSV banks. The substance of the disagreement between the parties is not before the court at this time. At this point, the court is called upon to construe the clause in question and determine if it indeed is a forum-selection clause that divests this court of jurisdiction in the two cases.[1] For the reasons provided below, the court finds that the clause at issue is not a forum-selection clause. This court therefore retains jurisdiction over the lead and member actions.

## DISCUSSION

The contract clause at issue reads as follows:

> **17.14. Governing Law.** This Agreement and all acts and transactions pursuant hereto and the rights and obligations of the parties hereto shall be governed, construed and interpreted (1) in accordance with the laws of the Commonwealth of Virginia excluding that body of Virginia law concerning conflicts of law and (2) as applied to transactions taking place wholly within Virginia between Virginia residents.

Broadly, the arguments presented to the court are simple. BSV would have the court read the above paragraph as a forum-selection clause, limiting litigation under the contract to state court. Specifically, BSV argues that the phrase "taking place wholly within Virginia between

---

[1] The court's interpretation of the contract herein is governed by Virginia law. *See Volt Info. Sci., Inc. v. Bd. of Tr. of Leeland Stanford Univ.*, 489 U.S. 468, 474 (1989) ("[T]he interpretation of private contracts is ordinarily a question of state law...."); *see also James v. Circuit City Stores, Inc.*, 370 F.3d 417, 421–2 (4th Cir. 2004) (applying Virginia law to interpret a tolling agreement between an employer and two law firms).

2

Virginia residents" destroys diversity jurisdiction.[2] Getronics views the above paragraph as a choice-of-law provision that in no way limits the court's authority to hear this case.

## 1. *Determining Ambiguity as a Matter of Law*

Under Virginia law, when interpreting a contract, the court must first determine if the disputed clause is ambiguous. The determination of whether a clause is ambiguous is a matter of law. *Wilson v. Holyfield*, 313 S.E.2d 396, 398 (Va. 1984). Words or phrases in a contract are not deemed ambiguous merely because the two parties disagree as to their meaning. *Id.*

In determining whether the disputed term or clause is ambiguous, the court must rely on the plain meaning of the words used and their significance within the four corners of the contract. *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 397 (4th Cir. 1998). In reading the Agreement in its entirety, there is no other clause or paragraph that relates to either the choice of law or the selection of a forum. Determination of whether the disputed clause is ambiguous, therefore, must be made solely with reference to paragraph 17.14.

The parties disagree as to the meaning of the phrase "as applied to transactions taking place wholly within Virginia between Virginia residents." More specifically, the dispute arises solely with regard to the word "residents." BSV would have the court read "residents" as an operative word by which Getronics gave up its right to invoke federal diversity jurisdiction by agreeing to be considered a Virginia citizen for purposes of 28 U.S.C. § 1332. BSV's reading of the meaning of "residents" in the clause conflicts with the most common legal usage of a form of that word with regard to diversity jurisdiction. Citizenship, for purposes of Section 1332, refers

---

[2]Getronics asserts that it is a Delaware-based company with its principal place of business in Massachusetts. BSV does not deny that, excluding the issue raised by paragraph 17.14, complete diversity exists between BSV and Getronics.

3

to a party's domicile, not merely his or her residence. In fact, an allegation of residence, standing alone, is not sufficient to establish the citizenship required under Section 1332. *Alex Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998); *see also Shaw v. Quincy Mining Co.*, 145 U.S. 444, 447 (1892) (noting that "in common use of words a resident might not be a citizen" for purposes of diversity jurisdiction).

Because the dispute in this case centers on the meaning to be given a legal term of art, the court finds, as a matter of law, that there is no ambiguity as to the legal meaning of the word "resident" in this clause. *See Comm'r of Internal Revenue v. Nubar*, 185 F.2d 584, 587 (4th Cir. 1950) ("When these words, 'domicile' and 'residence,' are technically used by persons skilled in legal semantics, their meanings are quite different.").

### 2. *Even if the Clause Were Ambiguous, It Should Be Read as a Choice-of-Law Provision*

If the court were to find that the disputed paragraph is ambiguous, it must then endeavor to construe the paragraph. The court determines that even if the paragraph were found to be ambiguous, the paragraph must be construed as solely a choice-of-law provision.

It is clear to the court that paragraph 17.14 is the product of negotiation between the parties. Affiants for both parties state that the provision before the court today is not what was in the original contract. Affidavits of Worth Harris Carter, Jr. at ¶ 6 and David W. O'Rourke at ¶4. In BSV's supporting affidavit, Mr. Carter declares that the original paragraph 17.14 was rewritten with the intent that "any litigation concerning this contract would take place in the state courts of Virginia and under Virginia law." Affidavit of Carter at ¶ 6. Mr. O'Rourke contradicts Mr. Carter by stating that the intent of the change in the paragraph was to assure that Virginia, not Massachusetts, law apply to any litigation between the parties. Further, Mr. O'Rourke's

4

affidavit further states, and BSV does not contest, that BSV was given a finalized version of paragraph 17.14 in or about February 2004.[3] The record reflects that the final version of the contract was signed on September 1, 2004. Given that BSV had ample opportunity during the negotiation and during the six months between the finalization of the language in the paragraph and the signing of the contract to draft a clear forum selection clause, the court determines that if it were BSV's intent to ensure that all litigation regarding the contract be limited to the state courts of Virginia, it had ample opportunity to include that language.

Further, the court determines that it is required to resolve any ambiguity in this clause in favor of Getronics. BSV argues that the inclusion of the term "rights" in the introductory clause of the paragraph indicates that the parties intended the clause as a waiver of Getronics' right to seek federal diversity jurisdiction. The court finds, however, that this interpretation is inconsistent with current jurisprudence regarding the waiver of federal jurisdiction. Any waiver of a party's right to federal jurisdiction must be explicit. *Fanney v. Trigon Ins. Co.*, 11 F.Supp. 2d 829, 831 (E.D. Va.). The court finds that the mere use of the word "rights" does not constitute the type of clear and unequivocal waiver necessary for waiving federal jurisdiction.

## Conclusion

The court therefore finds that the disputed paragraph is not ambiguous. Furthermore, even if it were found to be ambiguous, based on the rules of contract construction, the court determines that the disputed clause is a choice of law provision and not a forum selection clause. The court therefore dismisses BSV's motion to dismiss and motion to remand.

---

[3]The contract itself indicates that the last revision was made on July 26, 2004. There is no way of determining what was revised on that date.

5

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

DATED this 20th day of November, 2006.

/s/ Glen Conrad
United States District Judge